MICHAEL ASCHENBRENER (SBN 277114)
mja@aschenbrenerlaw.com
BRIAN NOACK (*pro hac vice*)
btn@aschenbrenerlaw.com
ASCHENBRENER LAW, P.C.
795 Folsom Street, First Floor
San Francisco, CA 94107
Telephone: (415) 813-6245
Fax: (415) 813-6246

*ATTORNEYS FOR PLAINTIFF*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THINK COMPUTER CORPORATION, a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SQUARE, INC., a Delaware Corporation, <br><br> Defendant. | Case No. 5:14-cv-01374-PSG <br><br> **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> **Judge: Paul Singh Grewal** |

Plaintiff Think Computer Corporation ("Think" or "Plaintiff") states its first amended complaint against Defendant Square, Inc. ("Square" or "Defendant") as follows:

## PARTIES

1. Plaintiff Think Computer Corporation is a privately held Delaware corporation with its principal place of business at 1132 Boranda Avenue, Mountain View, Santa Clara County, California 94040, in this judicial District.

2. Defendant Square, Inc. is a privately held Delaware corporation with its principal place of business at 1455 Market Street, Suite 600, San Francisco, San Francisco County, California 94103, in this judicial District.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because Defendant does and has done substantial business in this judicial District, including (i) maintaining its principal place of business in this judicial District; (ii) committing acts of patent infringement in this judicial District and elsewhere in California; and (iii) regularly doing business or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and in this State.

6. Venue is proper in this judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because: (i) Defendant resides in this judicial District; (ii) a substantial part of the events giving rise to the claims occurred in this judicial District; and (iii) Defendant has committed acts of infringement in this District.

## INTRADISTRICT ASSIGNMENT

7. Pursuant to Civil Local Rule 3-2(c), as an intellectual property action, this case shall be assigned on a district-wide basis.

**BACKGROUND**

8. Think, founded by Aaron Greenspan ("Greenspan") in 1998, is a computer software company. Think does or has done business in several states, including California. In 2008, Think shifted its focus to the development of a mobile payment system that would make productive use of digital faces. Due to the system's use of digital facial images to authenticate purchaser identity, Think marketed the system as "FaceCash" and eventually began using the tagline "Pay with your face."

9. FaceCash is chiefly comprised of a web-based point of sale system marketed as FaceCash Register, and a mobile application available for Apple iOS, Google Android, and BlackBerry mobile devices initially marketed as FaceCash, and eventually, FaceCash Wallet.

10. On January 29, 2011, Greenspan attended an event hosted by internet start-up Quora, at which Square's then-COO Keith Rabois was in attendance. Greenspan introduced himself to Rabois and gave him a printed FaceCash promotional material that read: "Forget plastic. Pay with your face. http://www.facecash.com." A true and correct copy of the material is attached as Exhibit A. According to Greenspan's written notes on the encounter, "Keith Rabois, [Square's] COO, told me that they'd be releasing FaceCash-like features in the near future when I met him at a Quora party a few months ago."

11. At least as early as March 2, 2011 at 7:41 P.M. Pacific Time, Defendant searched for and accessed the FaceCash website, http://www.facecash.com, on several occasions from the DNS hostname dyn-228.dyn.sfo.squareup.com, while the FaceCash website bore a "patent-pending" designation at the bottom of every page. Defendant returned to the FaceCash website from various other squareup.com DNS hostnames throughout April, May, June, July, September, October, and November of 2011, often as the result of specific internet searches for FaceCash.

12. On May 23, 2011, Square publicly introduced a new payment system for use at the point of sale. This new system was marketed under the brand "Pay with your name," for use with mobile applications marketed under the brands "Square Register" and "Square Card Case." The latter software application eventually became known as "Square Wallet."

13. On October 15, 2013, Square released a new product named "Square Cash" designed to transmit funds electronically via mobile applications available on iOS and Android.

14. On May 12, 2014, Square released a new product named "Square Order" designed to transmit payments via mobile application for pickup orders. Square Order is available on the Apple iTunes Store and a beta version is available on the Google Play Store. Square intends for Square Order to replace Square Wallet. While Square Wallet is no longer available for download, Square continues to support its Wallet application. Current Square users are still able to complete transactions using Square Wallet.

15. Defendant branded its products with the confusingly similar "Square Wallet" (versus "FaceCash Wallet"), "Square Register" (versus "FaceCash Register"), "Pay with your name" (versus "Pay with your face"), and finally, "Square Cash" (versus "FaceCash") in each case only after Plaintiff began use.

| **Think Mark** | **Think First Use** | **Square Mark** | **Square First Use** |
| --- | --- | --- | --- |
| FACECASH® | May 15, 2009 | SQUARE CASH | October 15, 2013 |
| FACECASH WALLET | June 7, 2011 | SQUARE WALLET | August 10, 2011 |
| FACECASH REGISTER | February 6, 2011 | SQUARE REGISTER | May 23, 2011 |
| PAY WITH YOUR FACE | December 10, 2010 | PAY WITH YOUR NAME | May 23, 2011 |

**COUNT ONE: INFRINGEMENT OF U.S. PATENT NO. 8,396,808 B2**

16. Think realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

17. On July 31, 2009, Greenspan filed provisional patent application number 61/230,387 with the United States Patent and Trademark Office ("USPTO") for a "Method and System for Uniquely Identifying Purchasers of Specific Goods and Services and Associated

1. Transaction Details."

18. On December 17, 2009, Greenspan filed patent application number 12/641,071 for a "Method and System for Transferring an Electronic Payment" with the USPTO, based upon provisional patent number 61/230,387.

19. Greenspan assigned all rights in the patent application to Think, effective December 15, 2009. The assignment was recorded with the USPTO at reel 024791, frame 0052 and is attached hereto as Exhibit B.

20. Think is the owner of all right, title, and interest in United States Patent No. 8,396,808 B2, entitled "Method and System for Transferring an Electronic Payment" duly and legally issued by the USPTO on March 12, 2013 (the "'808 Patent"). A true and correct copy of the '808 Patent is attached hereto as Exhibit C.

21. The '808 Patent generally describes and claims a method of transferring an electronic payment between a purchaser and a merchant. In the method of claim 1 of the '808 Patent, a role of merchant account is assigned to a first account and a role of purchaser account is assigned to a second account, wherein both accounts are adapted to selectively function as either a merchant account or a purchaser account during any transaction. An item offered for sale by the merchant is selected from a product catalog stored in the payment system and is added to a purchase list. The merchant obtains a user ID token from the purchaser and, upon confirmation of purchaser's identity, transfers the purchase total from the purchaser account to the merchant account. Claims 2-22 describe various other methods and systems of transferring electronic payments between a purchaser and a merchant and/or a third party.

22. Defendant has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '808 Patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing the patented invention within the United States. Specifically, Defendant has infringed and continues to infringe the '808 Patent by making, using, offering to sell, selling, and/or importing into the United States Square Wallet, Square Register, Square.com, Squareup.com, Square Cash, Square Order, and Square Stand.

23. By March 12, 2013, the date of issuance of the '808 Patent, Defendant became aware or should have become aware of the high likelihood that the services and products identified herein infringed said claims, either directly or indirectly. On this basis, said infringement has been willful, deliberate, and in reckless disregard of Plaintiff's patent rights.

24. Square had actual notice of the '808 Patent at least as early as March 15, 2013, the date upon which Think notified Square in writing, via email, of the '808 Patent. Acting as an agent of Square, Google, Inc.'s email servers successfully received Think's email at 5:22:56 P.M. Pacific Time, as indicated by Think server logs:

```
Mar 15 20:22:56 kermit sendmail[31851]: r2G0MhtB031849:
to=<dana@squareup.com>, ctladdr=<aarong@thinkcomputer.com> (528/501),
delay=00:00:12, xdelay=00:00:05, mailer=esmtp, pri=2221188,
relay=aspmx.l.google.com. [173.194.79.26], dsn=2.0.0, stat=Sent (OK
1363393376 ol9si12918785pbb.47 - gsmtp)
```

A copy of such written notice is attached as Exhibit D.

25. Think provided Square with an opportunity to license the '808 Patent at least as early as March 15, 2013 via Square's in-house legal counsel.

26. Think provided specific notice in writing of certain possibly infringing activities to Square at least as early as March 15, 2013. Square's in-house legal counsel answered on April 29, 2013. Think then responded on April 30, 2013 reiterating its invitation for Square to license Think's patent. A copy of such written notice is attached as Exhibit E.

27. Square directly infringes the method claims by either performing all of the steps of the claims, or by performing some of the steps and directing or controlling its customers, including merchants and end-users, to carry out the remaining steps of the claims.

28. Alternatively, if Square does not itself perform all of the claimed steps, Square directs and controls its customers to carry out the steps by advertising and instructing its customers to act in an infringing manner through its website, Squareup.com (*e.g.*, https://squareup.com/help/en-us/article/5123-square-register-guide), and via YouTube videos (*e.g.*, https://www.youtube.com/watch?v=zpbInPZydjY). Square also directs and controls

FIRST AMENDED COMPLAINT FOR PATENT
INFRINGEMENT AND DEMAND FOR JURY TRIAL              5
Case No. 5:14-cv-01374-PSG

1  its customers by configuring its systems to force customers to act in certain infringing manners
2  to use Square's products and services.

3      29.    By reason of Square's advertising and instruction to its customers and its
4  configurations of its systems, Square provides sufficient direction and control over the entire
5  process such that every step is attributable to Square, making Square liable as the "mastermind"
6  of the infringement.

7      30.    By reason of the acts alleged herein, Think has suffered, is suffering, and unless
8  restrained by the Court, will continue to suffer injury to its business and property rights, for
9  which it is entitled to damages pursuant to 35 U.S.C. § 284 in an amount to be proven at trial.

10      31.    In addition to the constructive notice of the patent and the high likelihood that
11  Defendant's products and services infringed, Defendant's infringement is willful based upon its
12  actual notice of the patent and Defendant's various misrepresentations to Think.

13      32.    As a result of Defendant's infringing activities with respect to the '808 Patent,
14  Think has suffered damages in an amount not yet ascertained. Think is entitled to recover
15  damages adequate to compensate it for Defendant's infringing activities in an amount to be
16  determined at trial, but in no event less than reasonable royalties, together with interest and costs.
17  Defendant's infringement of Think's exclusive rights under the '808 Patent will continue to
18  damage Think, causing irreparable harm for which there is no adequate remedy at law, unless
19  enjoined by this Court.

## RELIEF REQUESTED

21  WHEREFORE, Think prays that judgment be entered in its favor, that:
22      (a)    Defendant has infringed and is infringing one or more claims of the '808 Patent;
23      (b)    Defendant's infringement of one or more claims of the '808 Patent has been
24  willful;
25      (c)    Defendant be preliminarily and permanently enjoined, along with its officers,
26  directors, agents, employees, attorneys, parents, subsidiaries, and all others acting by or through
27  Defendant, controlled by Defendant, or acting in concert or participating with Defendant from
28

further infringing the '808 Patent;

(d)    Defendant accounts to Plaintiff for damages adequate to compensate for Defendant's infringement of the '808 Patent and that such damages be awarded to Think, including pre-judgment and post-judgment interest;

(e)    Think's damages be trebled as a result of Defendant's willful infringement of the '808 Patent;

(f)    This case be adjudged an exceptional case pursuant to 35 U.S.C. § 285 and that the Court award Plaintiff its expenses and attorneys' fees incurred in bringing and prosecuting this action; and,

(g)    Plaintiff be awarded such further and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil procedure, Think respectfully requests a trial by jury.

Respectfully submitted,

Dated: June 17, 2014                By:    s/Brian T. Noack
                                           Brian T. Noack
                                           ASCHENBRENER LAW, P.C.
                                           One of the Attorneys for Plaintiff