1  STEFANI E. SHANBERG (State Bar No. 206717)
   EUGENE MARDER (State Bar No. 275762)
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  One Market Plaza
   Spear Tower, Suite 3300
4  San Francisco, California  94105
   Telephone:  (415) 947-2000
5  Facsimile:   (415) 947-2099
   Email:       sshanberg@wsgr.com
6               emarder@wsgr.com

7  Attorneys for Defendant and
   Counterclaim Plaintiff SQUARE, INC.
8

9  **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**

11 **SAN JOSE DIVISION**

12 

| THINK COMPUTER CORPORATION, | Case No. 5:14-cv-01374-PSG |
|---|---|
| Plaintiff and Counterclaim Defendant, | **DEFENDANT SQUARE, INC.'S MOTION TO STAY PURSUANT TO SECTION 18(b) OF THE AMERICA INVENTS ACT** |
| v. | |
| SQUARE, INC., | Date:   August 26, 2014 |
| Defendant and Counterclaim Plaintiff. | Time:   10:00 a.m. Place:  Courtroom 5, Fourth Floor Judge: Honorable Paul S. Grewal |

SQUARE MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)
Case No. 5:14-cv-01374-PSG

# **TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ....................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I. INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF FACTS ................................................................................................ 2

    A. The Litigation ........................................................................................................ 2

    B. Square's Covered Business Method Patent Review ............................................. 3

III. ARGUMENT .................................................................................................................... 4

    A. A Stay Will Simplify—or Eliminate—the Issues for Trial. .................................. 5

    B. The Early Stage of This Litigation Weighs Strongly in Favor of a Stay. ............. 6

    C. Staying These Proceedings Will Not Unduly Prejudice Think Computer or Present a Clear Tactical Advantage to Square. ................................ 7

    D. A Stay Will Reduce the Burden on the Court and on the Parties ......................... 8

IV. CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*AT&T Intellectual Prop. I v. Tivo, Inc.*,
 774 F. Supp. 2d 1049 (N.D. Cal. 2011) .................................................................................... 7

*CVI/Beta Ventures, Inc. v. Tura LP*,
 112 F.3d 1146 (Fed. Cir. 1997) ................................................................................................ 6

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
 721 F.3d 1330 (Fed. Cir. 2013) ................................................................................................ 5

*GT Nexus, Inc. v. Inttra, Inc.*,
 No. 11-cv-02145-SBA, slip op. (N.D. Cal. July 9, 2014) ................................................ 5, 6, 8

*In re Cygnus Telecomms. Tech., LLC, Patent Litig.*,
 385 F. Supp. 2d 1022 (N.D. Cal. 2005) .................................................................................... 6

*Mkt.-Alerts Pty., Ltd v. Bloomberg Fin. L.P.*,
 922 F. Supp. 2d 486 (D. Del. 2013) ............................................................................. 5, 6, 7, 8

*Pac. Biosci. Labs. v. Pretika Corp.*,
 760 F. Supp. 2d 1061 (W.D. Wash. 2011) ............................................................................... 7

*Pi-Net Int'l, Inc. v. Citizens Financial Group Inc.*,
 No. 12-cv-00355-RGA, 2013 WL 6094223 (D. Del. June 21, 2013) ...................................... 5

*Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Ill.*,
 No. 1:10-cv-01370, 2013 WL 1662952 (N.D. Ohio Apr. 17, 2013) ................................ 4, 7, 8

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*,
 No. 14-cv-1575-EMC, slip op. (N.D. Cal. July 3, 2014) ......................................................... 7

*Sightsound Techs., LLC v. Apple Inc.*,
 No. 11-cv-1292-DWA, 2013 WL 2457284 (W.D. Pa. June 6, 2013) ................................... 5, 8

*Versata Software, Inc. v. Volusion, Inc.*,
 No. A-12-CA-893-SS, 2013 WL 6912688 (W.D. Tex. June 20, 2013) ................................... 8

*VirtualAgility, Inc. v. Salesforce.com, Inc.*,
 No. 2014-1232, slip op. (Fed. Cir. July 10, 2014) ........................................................ *passim*

*Zillow, Inc. v. Trulia, Inc.*,
 No. 2:12-cv-01549, 2013 WL 5530573 (W.D. Wash. Oct. 7, 2013) ................................... 4, 5

**STATUTES**

AIA
  § 18(b)(1) .................................................................................................................................. 4
  § 18(b)(1)(A)-(D) ..................................................................................................................... 2
  § 32 ........................................................................................................................................... 3

**TABLE OF AUTHORITIES**
*(continued)*

Page(s)

**OTHER AUTHORITIES**

157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011)...................................................................... 1, 2, 4

157 Cong. Rec. S1360 (daily ed. Mar. 8, 2011)...................................................................... 2, 4, 9

Office Patent Trial Practice Guide,
    77 Fed. Reg. 48756 (Aug. 14, 2012) ............................................................................... 3, 4, 7

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 26, 2014, at 10:00 a.m., or as soon thereafter as the matter may be heard in courtroom of the Honorable Paul S. Grewal, located at Courtroom 5, Fourth Floor, of the United States District Court for the Northern District of California, San Jose Division, Defendant and Counterclaim Plaintiff Square, Inc. ("Square") will and hereby does move the Court for entry of an order staying this action pursuant to Section 18(b) of the Leahy-Smith America Invents Act ("AIA"), in view of Square's recently filed petition for Covered Business Method Patent Review ("CBM review") of the only patent asserted in this litigation, U.S. Patent No. 8,396,808 ("the '808 patent").

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the accompanying Declaration of Eugene Marder in Support of Square, Inc.'s Motion to Stay ("Marder Decl."), including exhibits,[1] and such additional evidence and arguments as may hereinafter be presented.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This case should be stayed pending completion of Square's recently filed petition for CBM review on the sole asserted patent. The '808 patent is directed to an electronic payment system—the exact type of business method patent Congress envisioned would be addressed by the CBM process when it enacted Section 18(b) of the AIA. CBM review was provided to "allow companies that are the target of one of these frivolous business method patent lawsuits to go back to the PTO and demonstrate, with the appropriate prior art, that the patent shouldn't have been issued in the first place." 157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011), at S1053 (statement of Sen. Schumer). Congress noted "[t]hat way bad patents can be knocked out in an efficient administrative proceeding, avoiding costly litigation." *Id.*

---

[1] All exhibit citations refer to exhibits in the accompanying Marder Decl.

SQUARE MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)            - 1 -
Case No. 5:14-cv-01374-PSG

The AIA provides a four-factor test for a motion to stay concurrent district court litigation, and the test "places a very heavy thumb on the scale in favor of a stay." 157 Cong. Rec. S1360 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer), at S1363; *see also id.* at S1379 (statement of Sen. Kyl) (noting "congressional policy strongly favoring stays when proceedings are instituted under … section [18]"). When a CBM petition is filed, the AIA instructs the Court to consider: (1) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for a moving party; and (4) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and the court. AIA § 18(b)(1)(A)-(D). Congress explained that "it is nearly impossible to imagine a scenario in which a district court would not issue a stay" pending CBM review. 157 Cong. Rec. S1053, at S1053 (statement of Sen. Schumer).

Here, all four factors weigh heavily in favor of a stay. First, it is extremely likely that the Patent Trial and Appeal Board's ("PTAB") review of the '808 patent will result in either cancelled or amended claims and potentially dispose of this case entirely or, at a minimum, simplify the issues and streamline the litigation. Second, this case is in the earliest stages of litigation, not yet having reached a Case Management Conference. Third, Plaintiff and Counterclaim Defendant Think Computer Corporation ("Think Computer") will not be unduly prejudiced by a stay because Think Computer has voluntarily delayed this litigation, and monetary damages are sufficient to compensate Think Computer for any alleged harm. Finally, a stay will reduce the burden on the Court and the parties by relieving all involved from expending substantial resources litigating claims likely to be invalidated, narrowed, or refined through CBM review. Accordingly, Square requests that the Court grant its motion staying this case pending conclusion of its CBM review.

## II.    STATEMENT OF FACTS

### A.    The Litigation

On March 25, 2014, Think Computer filed its Complaint against Square alleging infringement of the '808 patent. (Dkt. No. 1.) Think Computer filed an Amended Complaint on June 17, 2014, also alleging infringement of the '808 patent. (Dkt. No. 20.) Think Computer identified

1  Square Wallet, Square Register, square.com, squareup.com, Square Cash, Square Order, and
2  Square Stand as the accused products.  (Dkt. No. 20, ¶ 22.)

3        The '808 patent is entitled "Method and System for Transferring an Electronic Payment,"
4  was filed on December 17, 2009, and issued on March 12, 2013.  (Dkt. No. 21-02 at 2.)  It
5  generally relates to an electronic payment system, and the independent claims require a transfer of
6  funds.  (*Id.*)  Square Register and Square Wallet, two of the products Think Computer accuses of
7  infringing the '808 patent, launched in May 2011, almost three years prior to the filing of the
8  Complaint.  (Dkt. No. 23, ¶ 12.)

9        Square answered the Amended Complaint on July 7, 2014.  (Dkt. No. 23.)  No infringe-
10 ment or invalidity contentions have been served, and no discovery has been conducted.  Marder
11 Decl. ¶ 3.  The initial Case Management Conference is scheduled for August 19, 2014, and no
12 further schedule has been set.  (Dkt. No. 29.)

13       **B.**    **Square's Covered Business Method Patent Review**

14       On July 21, 2014, Square filed its petition for CBM review of the '808 patent pursuant to
15 35 U.S.C. § 321 and Section 18 of the AIA under the Transitional Program for Covered Business
16 Method Patents.  Ex. A.  CBM review allows a petitioner to challenge the validity of patent claims
17 "on any ground that could be raised under paragraph (2) or (3) of section 282(b)," *i.e.*, 35 U.S.C.
18 §§ 101, 102, 103, or 112.  *See* AIA §§ 18 and 32.

19       Square's CBM petition identifies prior art references that render obvious claims 1-11, 13-
20 17, and 19-22 of the '808 patent, constituting all independent claims and all but two dependent
21 claims.  Ex. A at 10-11.  None of the prior art identified in Square's petition was considered by the
22 Patent Office during the original prosecution.

23       By statute, Think Computer may file a preliminary response with the PTAB no later than
24 three months (late October 2015) after the filing date accorded to Square's petition, and the PTAB
25 must determine whether to institute trial no later than six months (late January 2015) after the
26 filing date accorded to Square's petition.  *See* Office Patent Trial Practice Guide, 77 Fed. Reg.
27 48756, 48757 (Aug. 14, 2012), Ex. B.  The PTAB will issue a final decision as to the '808 patent's
28 / / /

validity within one year from the date the trial is instituted. *Id.* at 48768. The new CBM review process will occur on a faster track than *ex parte* or *inter partes* reexamination. *See id*. at 48757.

### III.   ARGUMENT

The AIA was "designed to provide a cheaper, faster alternative to district court litigation" and to "place[] a very heavy thumb on the scale in favor of a stay being granted." *Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Ill.*, No. 1:10-cv-01370, 2013 WL 1662952, *2 (N.D. Ohio Apr. 17, 2013); *Zillow*, *Inc. v. Trulia, Inc.*, No. 2:12-cv-01549, 2013 WL 5530573, at *3 (W.D. Wash. Oct. 7, 2013). Congress explained that "it is nearly impossible to imagine a scenario in which a district court would not issue a stay" pending CBM review. 157 Cong. Rec. S1053, at S1053 (statement of Sen. Schumer). Denial of stay would require "an extraordinary and extremely rare set of circumstances not contemplated in any of the existing case law related to stays pending reexamination." 157 Cong. Rec. S1360, at S1364 (statement of Sen. Schumer). In fact, the Federal Circuit recently reversed a district court under AIA Section 18(b)(2) providing interlocutory appeal of any denial of a stay motion pending CBM review. *See VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2014-1232, slip op. at *25-26 (Fed. Cir. July 10, 2014) (finding that three of four factors weighed heavily in favor of a stay and fourth factor relating to undue prejudice weighed slightly in favor of denying a stay where parties were competitors and patent owner had argued it would lose market share and consumer goodwill, but had failed to seek a preliminary injunction).

Section 18 of the AIA establishes a four-factor test to be used in deciding a stay motion:

> (1)  whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
> (2)  whether discovery is complete and whether a trial date has been set;
> (3)  whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
> (4)  whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

*Progressive*, 2013 WL 1662952, at *2 (citing AIA § 18(b)(1), P.L. 112-29, 125 Stat. 284, 331 (2011)). Congress expressly included the fourth factor of this test in order "to ease the movant's task of demonstrating the need for a stay" and "to increase the likelihood that the court will grant a stay when a party initiates a transitional CBM review, as opposed to an ordinary PTO

reexamination." *Mkt.-Alerts Pty., Ltd v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 489-90 (D. Del. 2013); *Zillow*, 2013 WL 5530573, at *3, n.1. Each factor is to be evaluated individually and separately weighed in the determination. *See VirtualAgility*, slip op. at 11 ("We cannot, as VA requests, collapse the four-factor test expressly adopted by Congress into a three-factor test.").

Moreover, the court may consider a stay as soon as a CBM petition has been filed. *See, e.g.*, *GT Nexus, Inc. v. Inttra, Inc.*, No. 11-cv-02145-SBA, slip op. at *4 (Dkt. No. 71) (N.D. Cal. July 9, 2014) ("The statutory stay analysis under the AIA is triggered upon the filing of a petition for CBM review, not upon the granting of a petition for CBM review by the PTAB."); *Zillow*, 2013 WL 5530573, at *4, n.3 ("The statutorily required stay analysis set forth in § 18(b) of the AIA is triggered by a party's petition for post-grant review and not upon the PTAB's institution of such review."); *Mkt.-Alerts*, 922 F. Supp. 2d at 490, n.5 ("Since the PTO has recognized that 'the [CBM review] *proceedings* begin with the filing of a petition,' the court finds that the relevant stay provisions apply when the petition is first filed.") (italics in original). District courts routinely grant stays after the filing of CBM petitions. *See, e.g.*, *GT Nexus*, slip op. at *10; *Zillow*, 2013 WL 5530573, at *8; *Mkt.-Alerts*, 922 F. Supp. 2d at 497; *Sightsound Techs., LLC v. Apple Inc.*, No. 11-cv-1292-DWA, 2013 WL 2457284, *4 (W.D. Pa. June 6, 2013); *Pi-Net Int'l, Inc. v. Citizens Financial Group Inc.*, No. 12-cv-00355-RGA, 2013 WL 6094223, *1 (D. Del. June 21, 2013).

### A.  A Stay Will Simplify—or Eliminate—the Issues for Trial.

Square's petition for CBM review challenges all independent claims and all but two dependent claims of the '808 patent. Ex. A. It is likely that a significant part, if not the entirety, of this case will be disposed of, or the claim language and claim construction positions of both parties will be altered moving forward. *See GT Nexus*, slip op. at *5 ("If the PTAB grants CBM review and finds that one or more of the asserted claims of the patents-in-suit are invalid or subject to modification, the Court will have wasted judicial resources and the parties will have unnecessarily expended funds addressing invalid claims or claims modified during CBM review."); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[I]f the

/ / /

original claim is cancelled or amended to cure invalidity [by the PTO], the patentee's cause of action is extinguished and the suit fails.").

The PTAB is highly likely to grant review and cancel some or all of the asserted claims. As of July 2, 2014, the PTAB instituted proceedings on 74% of the CBM petitions it has considered. Ex. C. For proceedings instituted, PTAB trials resulted in cancellation (whether by PTAB decision or patent owner disclaimer) of 272 out of 275 claims, or 98.9%. Marder Decl. ¶ 5.

Even if this litigation, or a portion of it, continues after the CBM review terminates, the Court will proceed with the benefit of the PTAB's particular expertise and the record of the CBM review. Further prosecution via the CBM review will provide a more detailed record to aid the Court in any future claim construction, and the additional prosecution history created during reexamination could determine, inform, or alter the meaning of claim terms. *See CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146, 1158 (Fed. Cir. 1997) ("[T]hrough statements made during prosecution or reexamination, an applicant … may commit to a particular meaning for a patent term, which meaning is then binding in litigation."); *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) ("For those claims that survive the reexamination, this court may have a richer prosecution history upon which to base necessary claim construction determinations or reconsideration."). Litigation burdens will be reduced for both the Court and the parties due to more limited issues, defenses, and evidence, particularly due to estoppel attached to CBM review. *See GT Nexus*, slip op. at *6 ("[I]f the PTAB upholds the validity of the asserted claims, GT Nexus will be estopped from raising any invalidity arguments that it raised in the CBM review proceedings.").

Because CBM review will simplify, streamline, or completely eliminate this litigation, this factor weighs heavily in favor of a stay.

**B.     The Early Stage of This Litigation Weighs Strongly in Favor of a Stay.**

The present case remains at a very early stage, a factor strongly weighing in favor of granting a stay. *See VirtualAgility*, slip op. at 19 (stating that stay was "heavily favor[ed]" when "[d]iscovery had not yet begun" and litigation "was still at its infancy"); *see also Mkt.-Alerts*, 922 F. Supp. 2d at 494. The parties have not exchanged infringement or invalidity contentions, and no

1   discovery has been taken or requested.  Marder Decl. at ¶ 3.  Moreover, the Court has not held an
2   initial Case Management Conference, issued a case schedule, or issued substantive rulings.  This
3   factor also weighs heavily in favor of a stay.

4           **C.**        **Staying These Proceedings Will Not Unduly Prejudice Think Computer or Present a Clear Tactical Advantage to Square.**

6   "Courts have repeatedly held that the delay inherent in the reexamination process does not,
7   by itself, constitute undue prejudice."  *Pac. Biosci. Labs. v. Pretika Corp.*, 760 F. Supp. 2d 1061,
8   1066 (W.D. Wash. 2011).  "Because delay inherent in the reexamination process does not
9   constitute undue prejudice, courts also consider evidence of dilatory motives or tactics, such as
10  when a party unduly delays in seeking reexamination of a patent."  *AT&T Intellectual Prop. I v.
11  Tivo, Inc.*, 774 F. Supp. 2d 1049, 1054 (N.D. Cal. 2011); *see also Robert Bosch Healthcare Sys.,
12  Inc. v. Cardiocom, LLC*, No. 14-cv-1575-EMC, slip op. at *9 (N.D. Cal. July 3, 2014);
13  *Progressive*, 2013 WL 1662952, at *6; *Mkt.-Alerts*, 922 F. Supp. 2d at 494.

14  No such facts exist here.  Square is requesting a stay concurrently with the petition for
15  CBM review, and the litigation remains at a very early stage.  To the extent that any delay could
16  be prejudicial, the prejudice here is minimized because CBM review is statutorily required to be
17  completed within an expedited twelve-month timeframe after the petition is granted.  *See* Office
18  Patent Trial Practice Guide, Ex. B at 48768.  Furthermore, because CBM review is an *inter partes*
19  proceeding, Think Computer will have a full opportunity to participate.

20  Moreover, Think Computer has not sought to expedite this litigation in any way,
21  confirming that a stay will not unduly prejudice Think Computer.  For example, at least one
22  accused product has been available to consumers since at least May 2011, but Think Computer
23  waited almost a year to file suit after the issue of the '808 patent.  *See VirtualAgility*, slip op. at 23
24  ("We also note that [Plaintiff], for some unexplained reason, waited nearly a year after the '413
25  patent issued before it filed suit against Defendants.  These facts weigh against VA's claims that it
26  will be unduly prejudiced by a stay.").  As a further example, Think Computer requested a
27  protracted case schedule, delaying nearly all relevant deadlines, in preparation of the parties' Joint
28  Case Management Statement.  Marder Decl. at ¶ 4.

SQUARE MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)      - 7 -
Case No. 5:14-cv-01374-PSG

1    Further, Square and Think Computer are not direct competitors.  Aaron Greenspan, owner
2 of the '808 patent and CEO of Think Computer, declared that his company "does not directly
3 compete with Square."  Ex. D (Greenspan Blog) at 1.  Because the parties are not competitors, any
4 harm Think Computer could conceivably suffer due to delay could be fully compensated with
5 monetary relief.  *See VirtualAgility*, slip op. at *22 ("A stay will not diminish the monetary
6 damages to which VA will be entitled if it succeeds in its infringement suit—it only delays
7 realization of those damages and delays any potential injunctive remedy.")

8    The "salient question posed by the third factor," is not whether Think Computer will be
9 prejudiced, but whether Think Computer will be "unduly prejudiced."  *Progressive*, 2013 WL
10 1662952 at *6-7.  For the aforementioned reasons, there is no undue prejudice to Think Computer,
11 and this factor also weighs in favor of a stay.

12    **D.    A Stay Will Reduce the Burden on the Court and on the Parties.**

13    Courts have emphasized the fourth factor in granting motions to stay pending CBM
14 review.  "[T]he fourth factor was established to increase the likelihood that a stay will be granted."
15 *GT Nexus*, slip op., at *8; *see also Mkt.-Alerts*, 922 F. Supp. 2d at 489-90 (the fourth factor was
16 added "to ease the movant's task of demonstrating the need for a stay"); *Progressive*, 2013 WL
17 1662952 at *8 ("The fourth factor of the test was enacted to increase the likelihood that a stay
18 would be granted."); *Versata Software, Inc. v. Volusion, Inc.*, No. A-12-CA-893-SS, 2013 WL
19 6912688, *2 (W.D. Tex. June 20, 2013) ("The fourth factor is designed to place a very heavy
20 thumb on the scale in favor of a stay being granted.") (citation omitted); *Sightsound*, 2013 WL
21 2457284, at *3 ("The parties and Court will expend further substantial resources in this litigation,
22 through completing discovery and trial.  A stay will reduce the burden of litigation, and this factor
23 weighs in favor of a stay.").

24    Here, a stay pending CBM review will allow the PTAB to efficiently determine the
25 validity of the asserted claims, including whether they are rendered invalid in view of prior art
26 never before considered by the Patent Office.  Further, Congress created the CBM proceeding
27 noting that it "is limited to certain business method patents, which … are generally of dubious
28 quality because unlike other types of patents, they have not been thoroughly reviewed at the PTO

due to a lack of the best prior art." 157 Cong. Rec. S1360, S1364 (statement of Sen. Schumer). Square seeks to provide the opportunity for such a thorough review prior to the Court or the parties expending additional resources on litigation. A stay of the litigation may spare both the Court and the parties the burden of having to oversee and conduct discovery, claim construction, motion practice, and trial. At a minimum, a stay avoids potentially wasteful litigation of claims that may be invalidated or amended, and it eliminates this Court's burden of considering the invalidity arguments raised in the CBM review.

Thus, the fourth factor weighs heavily in favor of a stay, and there are no "exceptional circumstances" to offset the "heavy thumb" that Section 18(b) places in favor of a stay. Rather than having the Court and the parties burdened with dual-track and duplicative procedures, Square requests the Court stay this litigation pending CBM review.

## IV. CONCLUSION

For the foregoing reasons, Square respectfully requests that the Court stay the current proceedings pending the conclusion of the CBM review of the '808 patent.

Dated: July 22, 2014

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____/s/ *Stefani E. Shanberg*_____
Stefani E. Shanberg

Attorneys for Defendant and
Counterclaim Plaintiff
SQUARE, INC.

SQUARE MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)         - 9 -
Case No. 5:14-cv-01374-PSG